IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SC REALTY, INC.,                            )<br>                                                       )<br>        Plaintiff,                                   )<br>                                                       )<br>        v.                                             )    Case No. 15-2315<br>                                                       )<br>MTC CLEANING, INC. f/k/a MAGIC      )<br>TOUCH CLEANING, INC., et al.,        )<br>                                                       )<br>        Defendants.                             )<br>                                                       ) | |

## MEMORANDUM AND ORDER

Plaintiff SC Realty, Inc., filed a Verified Petition in the District Court of Johnson County, Kansas on January 14, 2015, against defendants MTC Cleaning, Inc. f/k/a Magic Touch Cleaning, Inc. ("Magic Touch"), Gary L. Walker, Patricia M. Walker, and Bullseye International SDVOB, Inc. ("Bullseye") (collectively, "defendants"). This removed lawsuit involves plaintiff's purchase of the assets of Magic Touch, a commercial janitorial service company. Plaintiff alleges that defendants have breached various agreements executed by the parties, including non-competition and non-disparagement agreements.

On February 2, 2015, plaintiff filed a Motion for Temporary Injunction (Doc. 6). Specifically, plaintiff seeks an injunction 1) limiting defendants to supplying goods or services related to janitorial service companies directly to those companies; 2) prohibiting defendants from selling goods or services related to janitorial service companies directly to end-users; and 3) prohibiting defendants from disparaging plaintiff to defendants' customers. Defendants have filed a Motion to Expedite Limited Discovery Prior to Hearing on Motion for Preliminary Injunction (Doc. 3) and a Motion for Extension of Time to File Response to Motion for Temporary Injunction (Doc. 9), which the court now considers.

-1-

As a general rule, parties may not seek discovery until the parties meet under Rule 26(f).  Fed. R. Civ. P. 26(d)(1).  In considering whether to allow expedited discovery, the Tenth Circuit applies a reasonableness test, which includes consideration of the following factors:  1) whether a preliminary injunction is pending; 2) the breadth of the discovery requests; 3) the purpose for requesting the expedited discovery; 4) the burden to comply with the requests; and 5) how far in advance of the typical discovery process the request was made."  *Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *3 (D. Kan. Mar. 20, 2009) (citations and quotation omitted).

In this case, there is a motion for a temporary injunction pending.  However, the discovery defendants seek on an expedited basis is overly broad.  For example, defendants request all material facts, circumstances, and witnesses "concerning" plaintiff's various contentions and ask for all of those supporting documents, yet plaintiff's motion for a temporary injunction seeks an injunction specifically related to Bullseye's alleged sales of janitorial equipment to private companies and public entities.  Defendants' proposed requests do not appear limited to discovering key facts that defendants need before they can fairly appear at the preliminary injunction hearing.  Rather, the proposed discovery requests are standard, broadly-worded requests.

More importantly, defendants have failed to articulate why they need discovery on an expedited basis.  Defendants admit that Bullseye sells janitorial supplies to private companies, public entities and janitorial service companies (Doc. 1-2 ¶ 2), and plaintiff maintains that the contract provisions at issue prohibit Bullseye's sales to private companies and public entities.  Thus, it appears to the court that resolution of whether the court should issue a temporary injunction will primarily turn on a legal interpretation of the contractual provisions at issue, and the court does not view defendants' requested discovery as necessary, or particularly helpful, to that task.  An example is defendants' request for expedited discovery to "any such third-party [] as may be necessary to present evidence at a

preliminary injunction hearing." (Doc. 4 at 2.) In the end, defendants have failed to convince the court that expedited discovery is necessary to resolve plaintiff's motion for temporary injunction.

The court concludes that requiring plaintiff to respond to twenty interrogatories and twenty requests for production of documents, to produce two witnesses for deposition, and to monitor third-party discovery requests and responses—all before the first scheduling conference—is overly burdensome, and the discovery sought is not particularly probative of the issues relevant to plaintiff's motion for a temporary injunction. The court denies defendants' request to conduct discovery on an expedited basis.

**IT IS THEREFORE ORDERED** that defendants' Motion to Expedite Limited Discovery Prior to Hearing on Motion for Preliminary Injunction (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that defendants' Motion for Extension of Time to File Response to Motion for Temporary Injunction (Doc. 9) is denied to the extent defendants request to file a response until after the completion of expedited discovery. Defendants are directed to file a response to plaintiffs' Motion for Temporary Injunction (Doc. 6) within fourteen days of this order.

**IT IS SO ORDERED.**

Dated this 19th day of February, 2015, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**
