IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SC REALTY SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-02315-CM-GLR |
| ) | |
| MTC CLEANING, INC., ) | |
| f/k/a MAGIC TOUCH ) | |
| CLEANING, INC. et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff SC Realty Services, Inc. currently has three motions pending before the Court which are either unopposed or were not responded to as of the date of this order. On July 14, 2015 Plaintiff filed an unopposed motion for an extension of time to disclose their experts (ECF 46). Prior to that, Plaintiff filed a motion to amend their complaint (ECF 41) with a response due on June 29 per Local Rule 6.1(d)(1). A response to this motion was never filed with the Court. Lastly, Plaintiff filed a motion for an extension of time to file response to defendant's first request for production and first interrogatories (ECF 40). A response to this motion was not filed and Plaintiff did not respond to a request for consent (*Id* at ¶ 6). For the reasons stated below, all three motions contemplated in this order are GRANTED.

## PLAINTIFF'S MOTION TO EXTEND TIME FOR EXPERT DISCLOSURES (ECF 46)

On July 14, 2015 Plaintiff filed an unopposed motion for an extension of time to disclose their expert witnesses. Per the Scheduling Order, Plaintiff's deadline for expert disclosures was July 15, 2015 (ECF 37) but Plaintiff requested this extension in part because additional time was

1

required in order to review the 37,456 pages the parties have produced so far in discovery (ECF 46 ¶ 2). Moreover, in the interest of fairness, Plaintiff also moved to extend defendants' deadline to disclose experts from September 15, 2015 to October 15, 2015 and to extend the deadline to disclose rebuttal experts from October 30, 2015 to November 9, 2015 (*Id* at ¶ 4). The motion asserted that defense counsel was informed of these requests and had no objection to them (*Id* at ¶ 3). Fed. R. Civ. P. 16(b)(4) states that a scheduling order can be modified for good cause and with the judge's consent. The Court finds that since the parties agreed to an extension, there are voluminous documents to review, and no previous extensions have been sought, there is good cause to modify the scheduling order as follows:

1. Plaintiff shall disclose its expert(s) no later than August 17, 2015.
2. Defendants shall disclose their expert(s) no later than October 15, 2015.
3. Rebuttal expert(s) shall be disclosed no later than November 9, 2015.

## PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF 41)

Plaintiff's complaint (ECF 1) was removed from Johnson County District Court on February 2, 2015 and Plaintiff filed the instant motion to amend the complaint (ECF 41) on June 15, 2015. Pursuant to Local Rule 6.1(d)(1), Defendants had 14 days to respond to this motion and a response still has not been filed with the Court.

Plaintiff contends that amending the complaint is necessary on the grounds that the first amended complaint (ECF 41-1) "would bring its claims current with the facts and discovery in this case" (ECF 41, p 1). This is based on the Plaintiff's assertion that since the case was removed from Johnson County District Court, several developments have happened including a deposition, initial disclosures (including tens of thousands of pages in documents), and a

2

preliminary injunction hearing (*Id*). Moreover, the parties continue to operate competing businesses and work through the issues associated with their recently completed asset purchase with Plaintiff contending that they continue to lose customers and employees due to Defendants' interference (*Id*).

Fed. R. Civ. P. 15(a)(2) allows the amendment of a pleading only with the other party's consent or with the court's leave. The rule clearly states that "the court should freely give leave when justice requires."

When interpreting this rule, the Supreme Court noted "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).

There is nothing in the record even remotely suggesting bad faith or dilatory motive on the part of the Plaintiffs in filing the instant motion and this is the first amendment they have sought. Therefore, the only two factors needing evaluation in this matter are whether the amendment would be an undue delay or unduly prejudice the Defendants.

### Undue Delay

When evaluating whether or not a motion to amend should be denied for undue delay, the Tenth Circuit is primarily concerned with the reasons for the delay. *Minter v. Prime Equipment Co.* 451 F.3d 1196, 1206 (10th Cir.2006). Reasons that would lead a court to deny leave to

amend a pleading would include a party lacking an adequate explanation for the delay *Id citing Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) or the moving party being aware of new facts their amendment was based on for some time prior to the filing of the motion to amend *Id.*

The Tenth Circuit has also identified other instances where a court should properly deny leave to amend a pleading where parties are essentially acting in bad faith. Examples include a plaintiff is using Rule 15 to make the complaint "a moving target," *Id citing Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 800 (10th Cir.1998), a plaintiff attempting to untimely present new theories of recovery in an attempt to "salvage a lost case" *Id citing Hayes v. Whitman,* 264 F.3d 1017, 1027 (10th Cir.2001), or to intentionally delay raising an issue for the purpose of surprising the defendant with it on the 'eve of trial,' *Id citing Walters v. Monarch Life Ins. Co.,* 57 F.3d 899, 903 (10th Cir.1995).

There is no evidence in this case that the motion for leave to file the amended complaint was sought for any of the above referenced reasons or for similar reasons warranting a denial. Moreover this case is still in the early stages of discovery that will not end until November 20, 2015 (ECF 37). The Court is satisfied with the reasons given in the motion for leave to amend the complaint and finds an adequate explanation has been given on the grounds that new facts have arisen since the onset of discovery. Additionally, there is no evidence in the record that Plaintiffs had knowledge of this beforehand and the Court is satisfied that none of the bad faith reasons for denial referenced above are present in the instant motion.

**Undue Prejudice**

The Tenth Circuit has made it clear that the most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party. *Id.* The Supreme Court noted that the rationale behind Fed. R. Civ. P. 15(a)(2) was to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham,* 364 U.S. 310, 316 (1960).

Moreover, especially germane to this case is the Tenth Circuit's ruling that "as a general rule, a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, as long as a shift in the case does not prejudice the other party in defending the merits. *Evans v. McDonald's* 936 F.2d 1087, 1090-91 (10th Cir.1991) (citation omitted). The Court further explained that amended pleadings should be allowed provided the defendant has fair notice of the claims against him. *Id* at 1091 (citation omitted). The plaintiff does not to have every legal theory or fact developed in detail before the parties have opportunity for discovery. *Id*.

Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter v. Prime Equipment Co.* at 1208 *citing Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir.1971). The most frequent instance when a court will find undue prejudice is when the amended claims raise significant new factual issues or arise out of a subject matter different from what was set forth in the original complaint. *Id.*

In the instant matter the amended complaint does not significantly differ from its original version and to the extent they are different, it is perfectly reasonable to infer that it was due to information obtained during discovery. One example of such material could be found in ECF 41-

1 ¶¶ 65-68 of the amended complaint where the Plaintiff alleges Defendants used Plaintiff's business contacts in order to both disparage and divert business away from them. (Allegations that Defendants used their contacts to induce entities and/or persons to terminate business relationships with the Plaintiff are made in ECF 41-1, ¶ 86 e, f, g.)  Plaintiffs also add two additional accusations in ¶ 74 that are closely related to the other allegations in there and arise out of similar factual circumstances. Notably, Plaintiffs claim that Defendants did not provide a complete and accurate Preliminary Balance Sheet (ECF 41-1, ¶ 74-b) and that Magic Touch and the Walkers provided false representations and information (ECF 41-1, ¶74-k).

Plaintiff added details to their allegations regarding how Defendant Bullseye breached the cooperation agreement (ECF 41-1, ¶ 92 a, b) and Defendant Patricia Walker breached the employment agreement (ECF 41-1, ¶ 98 h, i). The Court finds that the allegations are not unduly delayed and are permissible amendments.

For the foregoing reasons the Court GRANTS the Plaintiff's Motion for Leave to File an Amended Complaint (ECF 41). Within fourteen (14) days of the date of this Order Plaintiff shall file its First Amended Complaint and serve a copy upon each of the Defendants. D. Kan. Rules 15.1. Within fourteen (14) days after such service Defendants shall respond to it. Fed. R. Civ. P. 15(a).

### PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY (ECF 40)

On June 8, 2015 Plaintiff moved for an extension of time to respond to Defendants' *First Request for Production* and *First Interrogatories* (ECF 40) on the grounds that they did not receive the Defendants' discovery requests until several days after they were served and there was substantial concern about the discovery requests and the information they concerned. *Id.*

Plaintiff demonstrated to the Court that they were acting in good faith by producing 17,799 pages of documents (*Id* at ¶ 5) and the Court is satisfied that no party would be prejudiced by a short extension. Accordingly, for good cause shown and in the interest of justice, the Plaintiff's Motion for an Extension of Time to respond to Defendants' *First Request for Production* and *First Interrogatories* is GRANTED.

Plaintiff shall have until June 19, 2015 to produce *Answers and Objections to Defendant's First Set of Interrogatories* and *Answers and Objections to Defendants' First Request for Production of Documents*. Plaintiff completed service of these documents by the required deadline (ECF 42).

IT IS SO ORDERED this 21st day of July, 2015.

/s Gerald L. Rushfelt
GERALD RUSHFELT
UNITED STATES MAGISTRATE JUDGE
United States District Court for the District of Kansas