## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SC REALTY, INC.,                    ) | |
|                                     ) | |
|     **Plaintiff,**              ) | |
|                                     ) | |
|     **v.**                       )  **Case No. 15-2315** | |
|                                     ) | |
| MTC CLEANING, INC. f/k/a MAGIC      ) | |
| TOUCH CLEANING, INC., et al.,       ) | |
|                                     ) | |
|     **Defendants.**             ) | |
|                                     ) | |

### MEMORANDUM AND ORDER

Plaintiff SC Realty, Inc., filed a Verified Petition in the District Court of Johnson County, Kansas on January 14, 2015, against defendants MTC Cleaning, Inc. f/k/a Magic Touch Cleaning, Inc. ("Magic Touch"), Gary L. Walker, Patricia M. Walker, and Bullseye International SDVOB, Inc.  This removed lawsuit involves plaintiff's purchase of the assets of Magic Touch, a commercial janitorial service company.  Plaintiff alleges that defendants have breached various agreements executed by the parties, and defendants have filed counterclaims.  The matter is before the court on defendants' Motion for Accounting (Doc. 28).

Defendants argue they are "entitled to an accounting to prepare a Preliminary Balance Sheet and Fixed Asset Reconciliation, as well as an accounting of the books and records of SC Realty to verify the accuracy of the Preliminary Balance Sheet and Fixed Asset Reconciliation."  (*Id.* ¶ 5.) Defendants cite clauses from the Asset Purchase Agreement to support their argument that they are contractually entitled to this accounting, and defendants explain they would like the books and records during discovery for the purpose of conserving resources.  (*Id.* at ¶¶ 2, 6.)  The remedy defendants seek is a court order to have plaintiff "make its books and records available to Defendants and/or their accountant."  (*Id.* ¶ 7.)

Defendants' motion clearly states that it is a motion for accounting.  An accounting is an equitable form of relief whereby the court orders a third-party to reconcile certain financial records or itself reconciles financial records after a hearing on the merits.  *See, e.g.*, *Apple v. Smith*, 106 Kan. 717, 727 (1920).  An equitable claim for an accounting is not cognizable unless there is no adequate remedy at law, or the accounts are so complicated that only a court of equity can satisfactorily unravel them. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962); *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 51 Fed. App'x. 786, 800 (10th Cir. 2002) (finding that nearly 3,000 transactions rendered the accounts so complicated that an equitable accounting was warranted).  Defendants do not argue they are entitled to an equitable accounting, and the court finds defendants have made no showing that an equitable accounting is appropriate in these circumstances.

Defendants assert they are seeking to enforce a contractually-allowed accounting.  However, an action for accounting pursuant to the Asset Purchase Agreement is Count V of defendants' Amended Counterclaim.  (Doc. 32 at 14–16.)  None of the competing breach of contract claims has been decided, including Count V of the Amended Counterclaim, nor have defendants presented any evidence to the court that they are entitled to judgment as a matter of law on Count V.  Whether defendants are contractually entitled to an accounting under the parties' agreement is one of many claims raised in this lawsuit, and the meaning of the contract is ultimately a decision to be made by the fact finders in this case, not the court at this time.

**IT IS THEREFORE ORDERED** that defendants' Motion for Accounting (Doc. 28) is denied.

Dated this 27th day of July, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**